JULIA SMITH-GIBBONS,
concurring.
I concur with some reluctance in the lead opinion’s carefully-reasoned analysis. Initially, I was not inclined to differ from our sister circuits’ interpretation of 18 U.S.C. § 1425(a), but this analysis has persuaded me that the view most faithful to the statute is that materiality is not an element of the § 1425(a) offense.
I am uncertain what goal Congress intended to further by omitting materiality from the elements of § 1425(a). I have located no other federal criminal statute that punishes a defendant for an immaterial false statement. Nor have I located any analogous context in which the elements of a crime are less onerous than the elements of the related civil penalty proceeding. .
Finally, I echo a point made in the lead opinion but put it more bluntly. The government’s inconsistency in this case and on this issue is puzzling and indeed inappropriate. This is particularly so because the government, in response to questioning at oral argument, was unable to articulate any interest of the' United States 'in'prosecuting statements that are immaterial. '
For all these reasons, our -result here is troublesome. Yet we are not free to select our own notion of the best result in a case but instead are guided by what the law requires. That principle trumps any reluctance about joining the lead opinion.